# NOS. 12-21-00154-CR
## 12-21-00155-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT MARLIN HOCUTT, JR.,* *APPELLANT* | § | *APPEALS FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Robert Marlin Hocutt, Jr. appeals his convictions for burglary of a habitation and aggravated robbery. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1]

## BACKGROUND

Appellant was charged by indictments with burglary of a habitation and aggravated robbery.[2] Appellant pleaded "guilty" to both charges. Although the blank indicating an "open plea" is checked on both of the agreed plea recommendations, the appellate records indicate that (1) in the burglary case, there was a plea-bargain agreement that the burglary case would run

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing a pro se brief has expired, and no pro se brief has been filed.

[2] *See* TEX. PENAL CODE ANN. §§ 29.03, 30.02(c)(2) (West 2019).

concurrently to the aggravated robbery case and no fine would be imposed and (2) in the aggravated robbery case, Appellant's maximum punishment exposure would be twenty-five years of confinement.[3]  After conducting a sentencing hearing, the trial court assessed punishment at twenty years of confinement in each case, and the trial court ordered that the sentences would run concurrently.  These appeals followed.

## JURISDICTION

In a plea-bargain case, a defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial, (2) after receiving the trial court's permission to appeal, or (3) when the specific appeal is expressly authorized by statute.  TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed unless a certification that shows the defendant has the right of appeal has been made part of the record.  TEX. R. APP. P. 25.2(d).  If a court of appeals examines a certification after the appellate record is filed, it must review the record to determine whether the certification is defective before dismissing the appeal for lack of jurisdiction.  *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

## DISPOSITION

The trial court's certifications state that these are plea-bargain cases and Appellant waived his right of appeal.  The certifications are signed by Appellant and his trial counsel. As discussed above, the records in both cases indicate the existence of a plea-bargain agreement as contemplated by Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 25.2(a)(2); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).  We conclude that the records in both cases support the trial court's certifications.  *See Dears*, 154 S.W.3d at 615. Therefore, this Court does not have jurisdiction of the appeals, and the appeals must be dismissed.  *See* TEX. R. APP. P. 25.2(d).

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw in both cases.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for

---

[3] In the burglary of a habitation case, the judgment recites that the terms of the plea-bargain agreement included (1) a fine would not be imposed and (2) the case would run concurrently with the aggravated robbery case. In the aggravated robbery case, the agreed plea recommendation states that the parties agreed to limit Appellant's punishment exposure to twenty-five years.

consideration with the merits. Having concluded that this Court does not have jurisdiction of the appeals, we *grant* counsel's motion for leave to withdraw and *dismiss* the appeals *for want of jurisdiction*.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this Court's judgment or the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See Schulman*, 252 S.W.3d at 408 n.22; *see also* TEX. R. APP. P. 68.4.

Opinion delivered June 30. 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2022**

**NO. 12-21-00154-CR**

**ROBERT MARLIN HOCUTT, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR19-0423-392)

___

THIS CAUSE came to be heard on the appellate record and brief filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE, 2022

NO. 12-21-00155-CR

**ROBERT MARLIN HOCUTT, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0713-392)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*